UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:22-cv-2080 |
| v. | ) |
| | ) |
| **FALCON PLAZA, LLC**, an Ohio Limited Liability Company | ) Judge: |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, **DEREK MORTLAND**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **FALCON PLAZA. LLC,** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. §

      1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **DEREK MORTLAND** ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant **FALCON PLAZA LLC** owns and/or operate the Best Western Falcon Plaza, which is a hotel located at 1450 E. Wooster St., Bowling Green, Ohio 43402-3260 in Wood County.

6. The hotel owned or operated by the Defendant Falcon Plaza LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Mortland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or

      more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Ohio and in Northwest Ohio.

9. On April 13, 2022, Plaintiff was an overnight lodging patron at the Defendant's hotel as *bona fide* guest while on business in the immediate area. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify

its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Best Western Falcon Plaza hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Routes**

A. The ramp to the hotel lobby entrance exceeds the maximum running slope (direction of travel) allowable of 8.33% (12:1), it does not have handrails and it lacks edge protection, in violation of the ADA sections 405.2, 405.8 and 405.9 of the 2010 Standards and 1991 ADAAG section 4.8.2 whose remedy is readily achievable.

B. Ground surfaces located on the accessible route from the parking lot have cracks in excess of ½ inch and changes in level in excess of ¼ inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2 whose remedy is readily achievable.

C. At the hotel entrance door, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

D. In the parking lot, there are no accessible parking signs denoting "accessible parking," in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.6.3 whose remedy is readily achievable.

E. In the parking lot, there are no access aisles for the designated accessible parking stalls, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.1.2(5) whose remedy is readily achievable.

F. In the parking lot there are no designated Van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

G. In the parking lot, the ramp leading to the secondary hotel entrance (Stairway 'B') exceeds the maximum running slope (direction of travel) allowable of 8.33% (12:1), in violation of the ADA section 405.2 of the 2010 Standards and 1991 ADAAG section: 4.8.2 whose remedy is readily achievable.

H. The slope of the doorway approach/landing in front of the secondary entrance door (Stairway 'B') is out of compliance, in violation of the ADA section 404.2.4.4 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is readily achievable.

**Pool/Spa**

I. In the pool/spa area, the indoor spa is not located on an accessible route, in violation of the ADA section 206.2.4 of the 2010 Standards and 1991 ADAAG 4.3.2(2) whose remedy is readily achievable.

J. In the pool/spa area, the spa does not have at least one accessible means of entry, in violation of the ADA section 242.4 of the 2010 Standards whose remedy is readily achievable.

K. The phone in the pool/spa area is out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

**Fitness Room**

L.      In the fitness area, the route of travel does not provide a minimum width of 36 inches, in violation of the ADA section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3 whose remedy is readily achievable.

M.      In the fitness area, the coat hooks are out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

N.      In the fitness area, the phone is out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

O.      In the fitness area, the water fountain blocks the door maneuvering clearance space at exiting, in violation of the ADA section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is readily achievable.

**Vending**

P.      In the vending area, the controls and buttons of the vending machine are too high and out of the maximum reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

Q.      In the vending area, the carpet/floor mat is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

R.      In the hallway, the phone is out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

**Public restrooms**

S.  At the Men's public restroom (Lobby area) entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6 whose remedy is readily achievable.

T.  In the Men's restroom stall, the toilet compartment and water closet is out of compliance. Whereas there is not clearance for a wheelchair to enter the narrow door, there is not clearance inside the compartment, there are missing or non-compliance grab bars, the water closet is located too far from either the side wall or the side partition, the door lacks door pulls on both sides of the door, and the coat hook is mounted in excess of allowable reach range, in violation of the ADA Standards whose remedy is readily achievable.

U.  In the Men's there is not clear width for an accessible route or approach to use the urinal, in violation of the ADA Standards whose remedy is readily achievable.

V.  In the Men's restroom, the sink obstructs blocks the door's latch side maneuvering clearance space at exit, in violation of the ADA section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is readily achievable.

**Guest Room # 112**

W.  In guest room #112, the security latch is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

X.  In guest room #112, the route of travel through the guest room does not provide a minimum width of 36 inches, in violation of the ADA section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3 whose remedy is readily achievable.

Y. In guest room #112, the drape wands is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

Z. In guest room #112, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4 whose remedy is readily achievable.

AA. In guest room #112, the lock to the door of the adjoining room is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

BB. In guest room #112, the lock to the door of the adjoining room is not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4 whose remedy is readily achievable.

CC. In guest room #112, the thermostat is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

DD. In guest room #112, the hair dryer is mounted out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

EE. In guest room #112, the hand held shower sprayer is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

FF. In guest room #112, the hand held shower sprayer does not have the required "on/off" control, in violation of the ADA section 608.6 of the 2010 Standards whose remedy is readily achievable.

GG. In guest room #112, the roll-in shower does not have a fixed folding seat, in violation of the ADA section 608.4 of the 2010 Standards whose remedy is readily achievable.

HH. In guest room #112, the clear floor space beside the toilet is obstructed by a bench, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.17.3 whose remedy is readily achievable.

II. In guest room #112, the side grab bar does not extend required length from back wall, in violation of the ADA section 604.5.1 of the 2010 Standards whose remedy is readily achievable.

JJ. In guest room #112, the bathroom sink water and drainpipes under the lavatory are not adequately insulated, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4 whose remedy is readily achievable.

KK. In guest room #112, the closet hangers is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

LL. In guest room #112, the clothes iron is out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

MM. In guest room #112, the sign providing directional and information is noncompliant, in violation of the ADA section 216.3 of the 2010 Standards whose remedy is readily achievable.

NN. In guest room #112, the dresser and drawer door pulls require tight clasping to operate, in violation of the ADA Standards whose remedy is readily achievable.

**Guestrooms**

OO. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers king bed, two double bed rooms, two queens with sofabed rooms, whirpool king rooms, exterior two queen beds with sofabed, and Suites with sofabed and living room for able bodied patrons. However, patrons who require an accessible suite are limited to the type of an accessible single King bed with bathtub guestroom or an accessible two double bed with roll-in shower guestroom. This is in violation of the ADA and whose remedy is readily achievable.

PP. Upon information and belief the Best Wetsern has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 85 guestrooms, there must be a minimum of 4mobility accessible guestrooms without a roll-in shower and a minimum of 1 of mobility accessible guestrooms with a roll-in shower, totaling 5 designated mobility accessible guestrooms.

**Dining Area**

QQ. In the dining area, the area multiple self-service items which are out of reach range, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

RR. In the dining area, there is no accessible dining surfaces provided, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1 whose remedy is readily achievable.

**Access to Goods and Services**

SS. At the front desk, the registration transaction counter is not accessible and does not have a section of counter surface that is 36 inches long minimum and 36 inches high maximum

above the finish floor, in violation of the ADA section 904.4.2 of the 2010 Standards and 1991 ADAAG section 7.2 whose remedy is readily achievable.

TT. At the computer station, the knee clearance is not accessible, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.32.4 whose remedy is readily achievable.

UU. The courtesy phones located throughout the hotel are mounted out of the maximum allowable reach range for a side approach, in violation of the ADA section 308.3 of the 2010 Standards whose remedy is readily achievable.

**Policies and Procedures**

VV. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

WW. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

16. The discriminatory violations described in Paragraph 15 by Defendant Falcon Plaza LLC are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly

situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Falcon Plaza LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical

barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant Falcon Plaza LLC, operate or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

24. Defendant has have committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, Mr. Mortland he personally experienced numerous barriers to his personal access and enjoyment of the hotel, including a lack of compliant designated accessible parking, two dangerous steeply sloped ramps, and barriers located in his own transient lodging guestroom.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net