UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| Plaintiff, | ) Case No. 3:22-cv-2080 |
| v. | ) |
| **FALCON PLAZA, LLC**, an Ohio Limited Liability Company | ) Judge James G. Carr |
| Defendant. | ) |

**CONSENT DECREE AND ORDER**

WHEREAS, Plaintiff Derek Mortland ("Mortland") filed this action against Falcon Plaza, LLC, an Ohio Limited Liability Company**,** in the United States District Court for the Northern District of Ohio, Case Number 3:22-cv-02080.

WHEREAS, Mortland alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Ohio Disability Discrimination Law, O.R.C. §4112.01 et seq., at a facility commonly referred to as the Best Western Falcon Plaza located at 1450 E. Wooster St., Bowling Green, Ohio 43402-3260 in Wood County (the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into this consent decree;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the parties request the Court to enter consent judgment accordingly.

A. <u>Undertakings by Defendant Falcon Plaza, LLC:</u>

Without admitting liability, in response to and in settlement of the allegations contained in Mortland's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, Falcon Plaza, LLC agrees to, within twenty-four (24) months

following the Court's entry of this Consent Decree unless an alternate date is specifically referenced herein, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Falcon Plaza, LLC such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property:

**Parking**

    1.    Falcon Plaza, LLC will install Parking Space Identification at the accessible stalls facing McDonald's which shall include the International Symbol of Accessibility (ISA). Signs identifying van parking spaces shall contain the designation "van accessible." All signs shall be 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign. Reference sections 502.6, 502.7 and 703.6.3.1 of the 2010 Standards.

    2.    Falcon Plaza, LLC will connect the accessible parking stall access aisles to an accessible route of travel to the accessible building entrance. Reference sections 502.3 and 502.4.1 of the 2010 Standards.

    3.    Falcon Plaza, LLC will install Parking Space Identification at the accessible stalls located directly along-side the building which shall include the International Symbol of Accessibility (ISA). Signs identifying van parking spaces shall contain the designation "van accessible." All signs shall be 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign. Reference sections 502.6, 502.7 and 703.6.3.1 of the 2010 Standards.

    4.    Falcon Plaza, LLC will relocate these 3 accessible parking stalls, so they have the required space for access aisles to be added to them and adjoin them to an accessible route. Reference sections 502.3 and 502.4.1 of the 2010 Standards.

    5.    Falcon Plaza, LLC will provide an accessible "van" parking stall. Van parking spaces shall be 132 inches minimum in width. Van parking spaces shall be permitted to be 96 inches minimum in width where the adjacent access aisle is 96 inches minimum in width. Reference section 502.2 of the 2010 Standards.

    6.    Falcon Plaza, LLC will install a "van" accessible parking sign at least 60" above the parking surface to the bottom of the sign once a "van" accessible parking space is provided. Parking Space Identification at the accessible stalls located directly along-side the building which shall include the International Symbol of Accessibility (ISA). Signs identifying van parking spaces shall contain the designation "van accessible." All signs shall be 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign. Reference sections 502.6, 502.7 and 703.6.3.1 of the 2010 Standards.

    7.    Falcon Plaza, LLC will verify the total number of accessible parking spaces and

provide the proper number of compliant accessible parking spaces per section 208.2 of the 2010 Standards.

**Passenger Loading Zone and Accessible Routes**

**8.** Falcon Plaza, LLC will raise the grade around the port cochere to eliminate the ramp; or, will alter or replace the ramps at the hotel entrance to have a running slope which does not exceed the allowable 8.3% and handrails and edge protection will be added. Reference 405.2, 405.8 and 405.9 of the 2010 Standards.
*Completion of this item in the ordinary course of business but not to exceed within five (5) years of entry of the Consent Decree*.

**9.** Falcon Plaza, LLC will restructure concrete slab within the entrance 'B' maneuvering clearance area to have a slope not steeper than 2% in any direction. Reference 404.2.3.1 and 404.2.4.4 of the 2010 Standards.
*Completion of this item will take place within eighteen (18) months of entry of the Consent Decree.*

**10.** Falcon Plaza, LLC will restructure the curb ramp at entrance 'B' to have a running slope of no steeper than 8.3% and be parallel to the curb to avoid protrusion into the path of vehicular traffic. Reference 406.5 and 406.6 of the 2010 Standards**.**
*Completion of this item will take place within eighteen (18) months of entry of the Consent Decree.*

**11**. Falcon Plaza, LLC will update the Main Entrance, Entrance 'A', Entrance 'B', and Entrance 'C' or Entrance 'F' to be accessible entrances meeting the 60% accessible public entrances requirement. Reference section 1105.1 of the 2010 Standards.  The Main Entrance to lobby will include a full power-operated door or a low-energy power-operated door.

**12** Falcon Plaza, LLC will swap out the doorknob hardware of door leading from the corridor to entrance door "A" for a lever style hardware set if entrance "A" will become an accessible entrance. Reference section 404.2.6 of the 2010 Standards.

**13.** Falcon Plaza, LLC will repair or replace the concrete slab outside of entrance door "F" if this will become an accessible entrance per Agreement "M" above. Reference section 303.2 of the 2010 Standards.

**14.** Falcon Plaza, LLC will provide Directional Signage outside of the two non-accessible exit hallways in the main corridor, giving directions to the approved accessible means of egress. Reference section 1111.2 of the 2010 Standards.

**15.** Falcon Plaza, LLC will provide handrails to the south end of the walking surface in the corridor as the running slope exceeds the allowable 5% (6.1%).  Reference section 403.3 of the 2010 Standards.

**Accessible Guest Rooms, suites 101, 102, 112, 113**

16. Falcon Plaza, LLC will move privacy latch down to 48" above finish floor (max.). This change needs to occur at all accessible guestroom entrance doors; Rooms 101, 103, 112, and 113. Reference sections 308.2.1 and 404.2.7 of the 2010 Standards.

17. Falcon Plaza, LLC will replace the existing laminated signs with new signs that meet Standard requirements. This change needs to occur at all accessible guestroom entrance doors; Rooms 101, 103, 112, and 113. Reference sections 216.3 and 703.2.4 of the 2010 Standards.

18. Falcon Plaza, LLC will lower both closet rods with integral shelves and the iron down to 48" above finish floor (max.). This change will occur at all accessible guestrooms; Rooms 101, 103, 112 and 113. Reference section 308.3.1 of the 2010 Standards.

19. Falcon Plaza, LLC will install protection for water supply lines and associated valves beneath all accessible sinks; Rooms 101, 103, 112 and 113. It was also observed that sink drainpipes were not protected in accessible rooms 101 and 103. Provide protection for these drainpipes. Reference sections 606.5 and 606.6 of the 2010 Standards.

20. Falcon Plaza, LLC will move mirrors above accessible lavatories down so the reflecting surface of the mirror measures 40 inches above the finish floor (max.). If the existing framed mirrors cannot meet this requirement, replace them with frameless mirrors. This solution applies to all accessible guestrooms; Rooms 101, 103, 112 and 113. Reference section 603.3 of the 2010 Standards.

21. Falcon Plaza, LLC will move the toilet paper dispenser so that both rolls are within 42 inches of the rear wall. This solution applies to accessible guestrooms 112 and 113. Reference section 604.7 of the 2010 Standards.

22. Falcon Plaza, LLC will install horizontal side grab bars in accessible guestrooms 112 and 113 can be remounted to extend 54 inches from the rear wall. The horizontal grab bars in accessible guestrooms 101 and 103 are the incorrect length and need to be replaced to meet ICC 604.5.1. Reference section 604.5.1 of the 2010 Standards.

23. Falcon Plaza, LLC will move the trash can and table out of the water closet clear area to provide a 60" width minimum by 56" depth minimum measured from the rear wall. This solution applies to accessible guestrooms 112 and 113. Reference sections 604.3 and 604.3.1 of the 2010 Standards.

24. Falcon Plaza, LLC will remove the portable seat and provide a folding seat that complies with ICC 610.3 in the accessible showers and remove the side grab bar from above this new shower seat. This solution applies to accessible guestrooms 112 & 113. Reference sections 610.3 and 608.2.2.3 of the 2010 Standards.

25. Falcon Plaza, LLC will convert at minimum one of the showers to a transfer type shower to alleviate the "shower controls to the rear wall" issue.   In the event both showers

are not converted, a heavy duty transfer bench with back support will be provided in the other guestroom. This solution applies to accessible guestrooms 112 & 113. Reference sections 608.3.2, 608.4.2 and 608.5.2 of the 2010 Standards.

**26.** Falcon Plaza, LLC will lower the robe hooks, so they are within the acceptable reach range. Rooms 101, 103, 112 and 113. Reference section 308.3.1 of the 2010 Standards.

**27.** Falcon Plaza, LLC will lower the hair dryer, so any operable part is located 48 inches max above the finish floor. This solution applies to all accessible guestrooms; Rooms 101, 103, 112 & 113. Reference section 308.3.1 of the 2010 Standards.

**28.** Falcon Plaza, LLC will provide grab bars in compliance with ICC Section 609 in accessible guestroom 101 and 103 bathtubs (dependent on stud locations). Reference sections 607.4.1.1 and 609 of the 2010 Standards.

**29.** Falcon Plaza, LLC will replace the fixed shower heads in accessible guestrooms 101 and 103 with hand showers per ICC Section 607. Ensure mounting of hand showers are within the acceptable reach range of 48" maximum height. Reference sections 308.3.1 and 607.6 of the 2010 Standards.

**30.** Falcon Plaza, LLC will relocate the thermostat, so it has a clear floor space in front of it and is mounted no higher than 48 inches above the floor to all operable parts. This solution applies to accessible guestrooms 112 and 113. Reference sections 305.3 and 308.3.1 of the 2010 Standards.

**31**. Falcon Plaza, LLC will install accessible locking hardware and lower the adjoining room lock so it is mounted no higher than 48 inches above the floor. This solution applies to accessible guestrooms 101, 103, 112 and 113. Reference sections 309.4, 404.2.6 and 404.2.7 of the 2010 Standards.

**32.** Falcon Plaza, LLC will lower the drape wands to a height of 48" maximum and replace existing drape wands with wands that are operable/accessible. This solution applies to all accessible guestrooms; Rooms 101, 103, 112 and 113. Reference sections 308.3.1 and 309.4 of the 2010 Standards.

**33**. Falcon Plaza, LLC will relocate the chair or lamp to provide the required clear floor space as the clear floor space to use the lamp is obstructed. This solution applies to all accessible guestrooms; Rooms 101, 103, 112 and 113. Reference section 305.3 of the 2010 Standards.

**34**. Falcon Plaza, LLC will provide new door signage for the accessible guest room that complies with ICC 703 including but not limited to mounting location and height. Reference section 703.3.11 of the 2010 Standards.

**35**. Falcon Plaza, LLC will provide grab bars in compliance with ICC Section 609 in all accessible guestroom bathrooms; Rooms 101, 103, 112 and 113. Reference section 604.5.1 of the 2010 Standards.

**Breakfast Area**

36. Falcon Plaza, LLC will lower the items on the coffee station so all options, including all varieties of coffee and creamer, are within the accessible reach range. Reference section 308.3.2 of the 2010 Standards.

37. Falcon Plaza, LLC will lower the breakfast items on the microwave counter so all options, including all varieties of breakfast options, are within the accessible reach range. Reference section 308.3.2 of the 2010 Standards.

38. Falcon Plaza, LLC will provide a juice machine with controls within the accessible reach range. *This will occur within the ordinary course of business and replacement of the device.* Reference section 308.3.2 of the 2010 Standards.

39. Falcon Plaza, LLC will move the plates, bowls, and utensils from the top of the microwave down to the counter to ensure all options are within the accessible reach range. Reference section 308.3.2 of the 2010 Standards.

40. Falcon Plaza, LLC will provide at least one table with the required knee and toe clearance in the area to provide an accessible dining surface. Reference sections 226.1 and 1108.2.9.1 of the 2010 Standards.

**Lobby & Access to Goods & Services**

41. At hotel registration counter Falcon Plaza, LLC will have: (i) a portion of the main counter which is a minimum of 36" in length shall be provided with a maximum height of 36" or (ii) an auxiliary counter with a maximum height of 36" in close proximity to the main counter shall be provided; or (iii) equivalent facilitation shall be provided, equivalent facilitation might consist of: (1) provision of a folding shelf attached to the main counter on which an individual with a disability can write, and (2) use of the space on the side of the counter, for handing materials back and forth. Reference sections 904.3.2 and 904.4.1 of the 2010 Standards.

42. Falcon Plaza, LLC will provide an accessible work surface in the business center. Reference section 902.2 of the 2010 Standards.

43. Falcon Plaza, LLC will provide a vending machine that has all controls 48 inches maximum above the floor. Reference section 308.3.1 of the 2010 Standards.

44. Falcon Plaza, LLC will verify the interior public door opening forces. If the force is greater than 5.0 pounds, adjust the door closer to allow 5.0 pounds of opening force maximum. Reference section 404.2.8 of the 2010 Standards.

45. Falcon Plaza, LLC will lower the fire alarm cabinet and pulls so that all operable components are within 48 inches of the finished floor. Reference section 308.3.1 of the 2010 Standards.

46. Falcon Plaza, LLC will assure that when lowering the fire extinguisher cabinet per

Finding above, it is recommended that a semi-recessed or fully recessed fire extinguisher cabinet be provided to prevent protrusion beyond 4 inches from the face of the wall. Reference section 307.2 of the 2010 Standards.

**Men and Women's Lobby Restrooms**

**47**.     Falcon Plaza, LLC will relocate the signage at the entrance to the Men's and Women's public restrooms to alongside the latch side of the door, including but not limited to mounting location and height. Reference sections 216.2 and 703.3.11 of the 2010 Standards.

**48.**     Falcon Plaza, LLC will verify the door opening force of the Men's and Women's public restrooms. If the force is greater than 5.0 pounds, adjust the door closer to allow 5.0 pounds of opening force maximum. Reference section 404.2.8 of the 2010 Standards.

**49.**     Falcon Plaza, LLC's expert, K2M, believes the public restrooms will need fully renovated to become accessible due to extensive accessibility concerns.  Itemized list provided in report.  Defendant will remove the stall partitions in their entirety to make this an accessible, single user restroom. This solution applies to both the Men and Women's restrooms. Reference sections 305.3, 308.2.1, 403.5.1, 604.5.2, 604.9.2.1, 605.2, and 609.4. of the 2010 Standards.

**Fitness Room**

**50.**     Falcon Plaza, LLC will relocate the drinking fountain to the hallway side of the wall or replace with recessed/surface mounted style water bottle filling station. Reference section 404.2.3.2 of the 2010 Standards.

**51.**     Falcon Plaza, LLC will lower the telephone to 48 inches maximum above the floor. Reference section 308.3.1 of the 2010 Standards.

**52.**     Falcon Plaza, LLC will relocate the towel storage and used towel bin to provide the required clear floor space in front of the telephone. Reference section 305.3 of the 2010 Standards.

**53.**     Falcon Plaza, LLC will rearrange the fitness equipment to provide the required clear floor space in front of the TV, at climate control and at each piece of equipment. **\*note:** thermostat not for guest use Reference section 305.3 of the 2010 Standards.

**54**.     Falcon Plaza, LLC will lower the speaker volume control dial to 48 inches maximum above the floor or remove it. Reference section 308.3.1 of the 2010 Standards.

**55**.     Falcon Plaza, LLC will replace the existing speaker volume control dial with a new dial that is operable/accessible or remove it. Reference section 309.4 of the 2010 Standards.

**56.**     Falcon Plaza, LLC will assure that, while there is a coat hook installed within 48 inches above the floor, the chair below the coat hook will be removed to prevent the coat

hook clear floor space from being obstructed. Reference section 308.3.1 of the 2010 Standards.

**57.** Falcon Plaza, LLC will provide door signage compliant with ICC Section 703, including but not limited to mounting location and height. Reference section 703.3.11 of the 2010 Standards.

**Pool and Spa Area**

**58**. Falcon Plaza, LLC will provide an accessible means to access the spa such as a lift or transfer wall. An accessible ramp up to the spa ramp will be installed after the lift. Reference sections 1110.4.13 & 1104.3. of the 2010 Standards.

**59**. Falcon Plaza, LLC will lower the telephone at the pool side to 48 inches maximum above the floor and ensure there is a 30" wide by 48" deep clear floor space in front of the telephone. Reference section 308.3.1 of the 2010 Standards.

B. <u>Undertakings by Plaintiff Mortland</u>: Mortland agrees that he is releasing Falcon Plaza, LLC and Falcon Plaza, LLC's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order. Mortland further agrees that the completion of the above-referenced modifications will fully resolve his claims against Falcon Plaza, LLC in the above-captioned matter, and consents to the Court's dismissal of this matter.

C. The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Ohio Law.

D. Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Ohio law to the extent readily achievable.

E. <u>Plaintiff's Claims for Damages, Attorney's Fees and Expenses</u>: Falcon Plaza, LLC shall pay or cause to be paid the total of Twenty Thousand Dollars ($20,000.00) directed to Mortland and Mortland's counsel of record, Law Offices of Owen Dunn, Jr.  Payment shall be made to the order of "Law Offices of Owen Dunn, Jr." and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

F. The above-referenced payment shall represent full and complete payment for all claims of Mortland and Mortland's representatives, including Mortland's counsel of record. Mortland and Mortland's representatives, including Mortland's counsel of record, hereby acknowledge that with respect to Mortland's claims in the matter *Derek Mortland v. Falcon Plaza, LLC* they are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly provided for in this Consent Decree. Mortland and Mortland's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Falcon Plaza, LLC and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

G. <u>Jurisdiction</u>:  The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Northern District of Ohio.  The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present

9

litigation. In the event the Court would determine a material breach of the terms contained herein, the prevailing party shall be entitled to its reasonable fees, expenses and costs in accordance with applicable law.

H. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Ohio Law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated: 1/18/2024

                                                          s/James G. Carr
Honorable Judge James G. Carr
United States District Court Judge

Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Brian T. Winchester
Brian T. Winchester, Counsel for the Defendant

Approved for entry by the parties:

_____          01/04/2024
Derek Mortland                            Date

Falcon Plaza, LLC
By its authorized representative:

_____          DECEMBER 29, 2023
                                          Date

11